DSS:CAC
F.# 2011R00278/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JIMMY COURNOYER
    also known as "Cosmo,"

                     Defendants.

I N D I C T M E N T

Cr. No. _____

(T. 18, U.S.C., §§
2, 924(c)(1)(A)(i),
924(d), 982, 1956(h)
and 3551 et seq; T. 21,
U.S.C., §§
841(b)(1)(A)(ii)(II),
841(b)(1)(A)(vii),
846, 848(a), 848(c),
853(a), 853(p),
960(b)(1)(B)(ii),
960(b)(1)(G)
and 963; T. 28,
U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

COUNT ONE
(Continuing Criminal Enterprise)

      1.   In or about and between January 2002 and October
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JIMMY
COURNOYER, also known as "Cosmo," did knowingly and intentionally
engage in a continuing criminal enterprise, in that the defendant
JIMMY COURNOYER committed violations of Title 21, United States
Code, Sections 841, 846, 952, 960 and 963, including Violations
One through Twelve set forth below, which violations were part of

a continuing series of violations of those statutes undertaken by the defendant JIMMY COURNOYER, in concert with five or more other persons with respect to whom the defendant JIMMY COURNOYER occupied an organizer, supervisory and management position, and from which continuing series of violations the defendant JIMMY COURNOYER obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

## Violation One
### (Conspiracy to Import Marijuana)

2.    In or about and between January 2002 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(G) and 963.

## Violation Two
### (Conspiracy to Distribute Cocaine)

3.    In or about and between January 2002 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIMMY

2

COURNOYER, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 5 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II) and 846.

Violation Three
(Marijuana Trafficking)

4.    The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Three:

A.    Importation of Marijuana

5.    In or about March 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.    Marijuana Distribution

6.    In or about March 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled

3

substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

<u>Violation Four</u>
(Marijuana Trafficking)

7.   The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Four:

A.   <u>Importation of Marijuana</u>

8.   In or about June 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.   <u>Marijuana Distribution</u>

9.   In or about June 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United

4

States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

Violation Five
(Marijuana Trafficking)

10.   The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Five:

A.   Importation of Marijuana

11.   In or about July 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.   Marijuana Distribution

12.   In or about July 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

5

<u>Violation Six</u>
(Marijuana Trafficking)

13.   The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Six:

A.   <u>Importation of Marijuana</u>

14.   In or about August 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.   <u>Marijuana Distribution</u>

15.   In or about August 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

<u>Violation Seven</u>
(Marijuana Trafficking)

16.  The defendant JIMMY COURNOYER committed the
following acts, either of which alone constitutes Violation
Seven:

A.   <u>Importation of Marijuana</u>

17.  In or about September 2010, within the Eastern
District of New York and elsewhere, the defendant JIMMY
COURNOYER, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved a substance containing
marijuana, a Schedule I controlled substance, in violation of
Title 21, United States Code, Sections 952(a), 960(a)(1) and
960(b)(4), and Title 18, United States Code, Section 2.

B.   <u>Marijuana Distribution</u>

18.  In or about September 2010, within the Eastern
District of New York and elsewhere, the defendant JIMMY
COURNOYER, together with others, did knowingly and intentionally
distribute and possess with intent to distribute a controlled
substance, which offense involved a substance containing
marijuana, a Schedule I controlled substance, in violation of
Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D), and Title 18, United States Code, Section 2.

<u>Violation Eight</u>
(Marijuana Trafficking)

19.  The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Eight:

A.  <u>Importation of Marijuana</u>

20.  In or about October 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.  <u>Marijuana Distribution</u>

21.  In or about October 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## Violation Nine
(Marijuana Trafficking)

22. The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Nine:

A. Importation of Marijuana

23. In or about November 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B. Marijuana Distribution

24. In or about November 2010, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

9

Violation Ten
(Marijuana Trafficking)

25.   The defendant JIMMY COURNOYER committed the

following acts, either of which alone constitutes Violation Ten:

A.   Importation of Marijuana

26.   In or about April 2011, within the Eastern

District of New York and elsewhere, the defendant JIMMY

COURNOYER, together with others, did knowingly and intentionally

import a controlled substance into the United States from a place

outside thereof, which offense involved a substance containing

marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, Sections 952(a), 960(a)(1) and

960(b)(4), and Title 18, United States Code, Section 2.

B.   Marijuana Distribution

27.   In or about April 2011, within the Eastern

District of New York and elsewhere, the defendant JIMMY

COURNOYER, together with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing

marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(D), and Title 18, United States Code, Section 2.

## Violation Eleven
(Cocaine Trafficking)

28.  The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Eleven:

A.  Attempted Exportation of Cocaine

29.  In or about April 2011, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally attempt to export a controlled substance from the United States to a place outside thereof, to wit: Canada, which offense involved 5 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 953(a), 960(a)(1) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

B.  Cocaine Distribution

30.  In or about April 2011, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 5 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18, United States Code, Section 2.

11

<u>Violation Twelve</u>
(Marijuana Trafficking)

31.   The defendant JIMMY COURNOYER committed the following acts, either of which alone constitutes Violation Twelve:

A.   <u>Importation of Marijuana</u>

32.   In or about May 2011, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

B.   <u>Marijuana Distribution</u>

33.   In or about May 2011, within the Eastern District of New York and elsewhere, the defendant JIMMY COURNOYER, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3551 <u>et seq</u>.)

12

## COUNT TWO
(Conspiracy to Import Marijuana)

34.   In or about and between January 2002 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY COURNOYER, also known as "Cosmo,"

together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Conspiracy to Distribute Marijuana)

35.   In or about and between January 2002 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY COURNOYER, also known as "Cosmo,"

13

together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 et seq.)

<u>COUNT FOUR</u>
(Conspiracy to Export Cocaine)

36.   In or about and between January 2002 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY COURNOYER, also known as "Cosmo,"

together with others, did knowingly and intentionally conspire to export a controlled substance from the United States to a place outside thereof, to wit: Canada, which offense involved 5 kilograms or more of a substance containing cocaine, a Schedule II controlled

substance, contrary to Title 21, United States Code, Sections 953(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 <u>et seq</u>.)

## COUNT FIVE
(Conspiracy to Distribute Cocaine)

37.   In or about and between January 2002 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY COURNOYER, also known as "Cosmo,"

together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 5 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 <u>et</u> <u>seq</u>.)

## COUNT SIX
(Use of Firearms)

38.   In or about and between January 2002 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIMMY

COURNOYER, also known as "Cosmo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One, Two and Three, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

### COUNT SEVEN
(Money Laundering Conspiracy)

39.   In or about and between January 2002 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY COURNOYER, also known as "Cosmo,"

together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960(a)(1) and 963, knowing that the property involved in the transactions represented the

16

proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and (ii) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Canada, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole and in part to avoid one or more transaction reporting requirements under Federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT ONE
(Continuing Criminal Enterprise)

40.   The United States hereby gives notice to the defendant charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such a violation; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such a violation; and (c) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including, but not limited to, the following:

Money Judgment

(a)   a sum of money equal to at least approximately $800,000,000.00, the total amount of gross proceeds the defendant obtained as a result of the offense.

41.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

18

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS TWO THROUGH FIVE
(Conspiracy to Import and Export
and Distribute Controlled Substances)

42.   The United States hereby gives notice to the defendants charged in Counts Two through Five that, upon conviction of one or more of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of one or more of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to, the following:

19

Money Judgment

(a)   a sum of money equal to at least approximately $800,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

43.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Sections 853(a) and 853(p))

20

## CRIMINAL FORFEITURE ALLEGATION FOR COUNT SIX
(Use of Firearms)

44.   The United States hereby gives notice to the defendant charged in Count Six, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation  of Title 18, United States Code, Section 924.

45.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

21

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c)).

<u>CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT SEVEN</u>
(Money Laundering Conspiracy)

46.   The United States hereby gives notice to the defendants charged in Count Seven that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense, and all property traceable to such property, including but not limited to, the following:

<u>Money Judgment</u>

(a)   a sum of money equal to at least approximately $800,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offense, for which the defendants are jointly and severally liable.

47.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

22

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Sections 853(a) and 853(p); Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTE E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JIMMY COURNOYER, also known as "Cosmo."

Defend..nts.

## INDICTMENT

T. 18, U.S.C., §§ 2, 924(c)(1)(A)(i),  924(d), 982, 1956(h) and
3551 et seq; T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii),
846, 848(a), 848(c), 853(a), 853(p), 960(b)(1)(B)(ii), 960(b)(1)(G)
and 963; T. 28, U.S.C., § 2461(c)

*A true bill.*

_____

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*Celia A. Cohen, Assistant U.S. Attorney (718-254-6171)*