UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
    - against -                     :        No. 12 CR 065 (SLT)
                                   :
JIMMY COURNOYER,                   :
    also known as "Cosmo," et al.,     :
                                   :
             *Defendants*.           :
-----------------------------------------------------------X

## DEFENDANT JIMMY COURNOYER'S
## MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SEVER

MERINGOLO & ASSOCIATES, P.C.
John C. Meringolo, Esq. (JM3487)
Anjelica B. Cappellino, Esq. (AC8382)
Meringolo & Associates, P.C.
375 Greenwich Street, Seventh Floor
New York, New York 10013
Direct No. (347) 599-0992

*Attorneys for Defendant Jimmy Cournoyer*

## DEFENDANT JIMMY COURNOYER'S
## MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SEVER

**NOW COMES** Defendant Jimmy Cournoyer, by and through his attorneys, Meringolo & Associates, P.C., and respectfully submits this Memorandum to assist the court in deciding his motion pursuant to Federal Rule of Criminal Procedure 14 to sever the instant case from his co-defendants, as justice requires.

## INTRODUCTION

The Government alleges that Mr. Cournoyer (32) is the organizer of a Canadian drug trafficking enterprise charging him with seven counts, namely, Count ONE: Continuing Criminal Enterprise, and twelve correlative violations, namely: Violation ONE: Conspiracy to Import Marijuana; Violation TWO: Conspiracy to Distribute Cocaine; Violations THREE through TEN: Marijuana Trafficking; Violation ELEVEN: Cocaine Trafficking; and TWELVE: Marijuana Trafficking; Count TWO: Conspiracy to Import Marijuana; Court THREE: Conspiracy to Distribute Marijuana; Count FOUR: Conspiracy to Export Cocaine; Count FIVE: Conspiracy to Distribute Cocaine; Count SIX: Use of Firearms; and Count SEVEN: Money Laundering Conspiracy. *See*, *Indictment*.

## FACTS

The Indictment charges six (6) co-defendants in total, namely: Jimmy Cournoyer, Mario Racine, Bobby Galebi, Jose Alejandro Castillo-Medina, Alessandro Taloni and John R. Taschetti. Mr. Cournoyer, however, is the sole defendant charged with the top count, continuing criminal enterprise, and is named in each subsequent count as well. No other co-defendant is charged with continuing criminal enterprise or charged on every count. By the very nature of the continuing criminal enterprise charge, Mr. Cournoyer is alleged to be the organizer of the drug

1

and money laundering conspiracy alleged in the Indictment.  However, all pertinent discovery materials provided to the defense substantially implicate Mr. Cournoyer's co-defendants, opposed to Mr. Cournoyer himself. Throughout the thirty compact discs of discovery materials, which include various wiretap recordings, video recordings, and photographs, Mr. Cournoyer is never mentioned nor linked in any way to the target subjects of the investigation.  As a result, and because Mr. Cournoyer's defense will be antagonistic and mutually exclusive from those of his co-defendants, he will suffer unavoidable and substantial prejudice if his case is not severed from those of the other co-defendants.

## ARGUMENT

**A. Severance is warranted because Mr. Cournoyer's defense is mutually exclusive from those of his co-defendants.**

Rule 14 of the Federal Rules of Criminal Procedure provides that if "the joinder of…defendants in an indictment…appears to prejudice a defendant… the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed.R.Crim.P. 14.  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).   Further, it is well established under *Zafiro* that separate trials are required where mutually exclusive defenses transform a trial into a "contest between the defendants." *Zafiro*, 506 U.S. at 541-45.

Mr. Cournoyer is the sole defendant charged with continuing criminal enterprise and at trial will maintain, aside from his innocence of all crimes alleged, that not only was he not engaged in leading the alleged conspiracy, but that he does not know certain co-defendants, did not conspire with them, or lead a conspiracy to which they may belong.  However, the natural

2

and presumed defense for his co-defendants is to place blame on the alleged leader, Mr. Cournoyer.

The Indictment falls short of specifically identifying what action Mr. Cournoyer is alleged to have taken with respect to each count; merely reciting the statutory language of the crime. In so far as any co-defendant asserts at trial that they were led in any way by Mr. Cournoyer, Mr. Cournoyer will ardently contest such assertion. This is the precise circumstance addressed by *Zafiro*, where the jury would be faced with an inability to make a reliable decision as to guilt or innocence as a result of a trial contest between the defendants. Accordingly, Mr. Cournoyer, as the alleged leader and subject of co-defendant finger-pointing, will suffer unavoidable and substantial prejudice if his trial is not severed from those of his co-defendants.

**B. Severance is warranted because the evidence presented by the government would substantially prejudice Mr. Cournoyer and prevent a jury from making a reliable judgment about guilt or innocence.**

Whether a jury can render a reliable judgment as to a defendant's guilt or innocence is naturally dependent upon the type of evidence presented at trial. "When defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." *Zafiro*, 506 at 539 (internal citations omitted). Such a risk may occur when evidence, otherwise inadmissible against a defendant if tried alone, is admitted against a co-defendant. *Id.* In such a case, "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id.*

Aside from severing the defendants' trials, providing a limiting instruction to the jury is also a possible remedy. However, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

3

*Richardson v. Marsh*, 481 U.S. 200, 207 (U.S. 1987) (The confession of one co-defendant was properly admitted, along with a limiting instruction, since the confession redacted any reference to the defendant).

In the instant matter, Mr. Cournoyer was joined with his other co-defendants based off allegations that they were all involved in related marijuana and cocaine trafficking conspiracies. However, the discovery materials have suggested that Mr. Cournoyer's co-defendants, some of which he has never even met, were partaking in activities completely independent from the offenses alleged in the indictment. For example, all of the surveillance photographs and video recordings obtained are of one of the co-defendants near his Staten Island residence, which is both geographically and conceptually distant from the alleged criminal activities of Mr. Cournoyer. Furthermore, none of the many audio recordings ever mention Mr. Cournoyer or refer in any way to the type of conspiracy alleged in the indictment. All other photographs of incriminating evidence, such as stacks of U.S. currency and marijuana, were not found on or near Mr. Cournoyer but rather were discovered in apartments and homes of the other co-defendants, defendants in older cases or unidentified residents. Since the majority of the evidence tends to inculpate the co-defendants in conspiracies that do not share a common scheme or any other related characteristics with the conspiracy alleged in the indictment, severance is warranted to avoid substantial prejudice to Mr. Cournoyer. Furthermore, a limiting instruction in this case would not be sufficient due to the highly prejudicial nature of the evidence, specifically the photographs of marijuana and large sums of money. Such evidence would undoubtedly inflame the jury and make it difficult for them to conceptualize the differences between the offenses alleged in the indictment and any other criminal activities the co-defendants engaged in independently.

## CONCLUSION

For the reasons set forth above, Defendant Jimmy Cournoyer respectfully requests the Court sever his case from those his co-defendants pursuant to Federal Rule of Criminal Procedure 14.

Dated: May 31, 2012
New York, New York

Respectfully submitted,

By: /s/ John C. Meringolo
**JOHN C. MERINGOLO, ESQ.** (JM3487)
**ANJELICA B. CAPPELLINO, ESQ.** (AC8382)
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, New York 10013
Direct No. (347) 599-0992
*Attorneys for Defendant Jimmy Cournoyer*

CC: AUSA Stephen Tiscone (and all counsel via ECF)